IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| RAYMOND RICHARDSON, JUDITH GOTT, AND ANGELA KOLMANSBERGER, ON BEHALF OF THEMSELVES AND ALL OTHERS SIMILARLY SITUATED, | § § § § § | CIVIL ACTION NO. _____ |
| PLAINTIFFS, | § § | |
| V. | § § | COLLECTIVE ACTION (JURY DEMANDED) |
| WELLS FARGO BANK, N.A. | § § | |
| DEFENDANT. | § | |

## PLAINTIFFS' ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT COURT:

Plaintiffs Raymond Richardson, Judith Gott and Angela Kolmansberger ("Plaintiffs") on behalf of themselves and all others similarly situated file this Original Complaint against Wells Fargo Bank, N.A. ("Defendant" or "Wells Fargo") and in support thereof would show as follows:

## I.  INTRODUCTION

1.1     Plaintiffs, on behalf of herself and all others similarly situated who have worked for Defendant as a mortgage loan officer in the three years preceding the filing of this lawsuit, bring this collective action to recover overtime compensation, minimum wages and other wages, liquidated damages, attorney's fees, costs of court, pre-judgment and post-judgment interest and injunctive relief under the provisions of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq.* ("FLSA").

1.2     The collective action consists of current and former employees who worked for Defendant or their subsidiaries or affiliates, who in the three years preceding the filing of this suit were misclassified as exempt and were not paid minimum wages and/or overtime

compensation at time and one half for hours they worked over 40 in a week in violation of the FLSA and whose job duties included working as a mortgage loan officer. The collective action includes, without limitation, any individual with the job title of mortgage loan officer or with any similar title who performed similar duties of the named Plaintiffs and was paid as a commissioned, exempt employee (referred to herein as a "mortgage loan officer").

      1.3     Plaintiffs and all others similarly situated demand a jury trial.

## II. PARTIES

**A.**    PLAINTIFFS

      2.1     At all relevant times, Plaintiff Raymond Richardson was employed by Defendant within the meaning of the FLSA as a mortgage loan officer. Raymond Richardson's Notice of Consent is attached hereto and is being filed herewith.

      2.2     At all relevant times, Plaintiff Judith Gott was employed by Defendant within the meaning of the FLSA as a mortgage loan officer. Judith Gott's Notice of Consent is attached hereto and is being filed herewith.

      2.3     At all relevant times, Plaintiff Angela Kolmansberger was employed by Defendant within the meaning of the FLSA as a mortgage loan officer. Angela Kolmansberger's Notice of Consent is attached hereto and is being filed herewith.

      *Collective Action Members*

      2.4     The collective action members are those employees similarly situated to the Plaintiffs as set forth above.

**B.**    DEFENDANT

      1.     2.4     Defendant Wells Fargo Bank, N.A. is a foreign corporation that does business in the state of Texas and Houston. Wells Fargo Bank, N.A. may be served with a

Summons and this Complaint through its registered agent: Corporation Service, 211 East 7th Street, Austin, Texas  78701.

2.5     Defendant is engaged in interstate commerce with an annual volume of sales of not less than $500,000.

2.6     At all relevant times to this action, Defendant was the employer of Plaintiffs and all others similarly situated within the meaning of 29 U.S.C. § 203(d) and is an "enterprise" engaged in commerce as defined in 29 U.S.C. §§ 203(r), 203(s).

### III. JURISDICTION AND VENUE

3.1     Jurisdiction of this action is conferred on this Court by 29 U.S.C. § 216(b) and by the provisions of 28 U.S.C. § 1337 relating to "any civil action or proceeding arising under any act of Congress regulating commerce."

3.2     Venue is proper in the Western District of Texas pursuant to 28 U.S.C. § 1391(b), because among other reasons, Defendants are residents of and are doing business in this district.

### IV. FACTUAL BACKGROUND

4.1     Defendant is in the business of providing mortgage loans.

4.2     Plaintiffs and all others similarly situated performed work as mortgage loan officers and were not paid time and one-half for hours they worked over 40 in a week ("overtime compensation") and/or minimum wages.

4.3     Plaintiffs and all others similarly situated frequently worked over 40 hours in a week while employed by Defendant.

4.4     Defendant's policy and/or practice was to not pay Plaintiffs and all others similarly situated overtime compensation for hours worked over 40 in a week as required by the FLSA.

4.5     Plaintiffs and all others similarly situated are non-exempt current and/or former employees of Defendant who worked overtime hours as mortgage loan officers and were misclassified as exempt.

4.6     Plaintiffs and all others similarly situated were compensated only on a commission basis as mortgage loan officers.

4.7     Plaintiffs and all others situated were not paid a salary or hourly rate for work performed as mortgage loan officers.

4.8     Plaintiffs and all others similarly situated worked in excess of 40 hours per week without any overtime compensation.

4.9     Defendant's business operations, and the wages and compensation of Plaintiffs and all others similarly situated are substantially similar, if not identical, at all of Defendant's locations.

4.10    Defendant knowingly failed to pay overtime to Plaintiffs and all others similarly situated in violation of the FLSA.

4.11    Defendant's conduct has been willful and in bad faith.  Plaintiffs and all others similarly situated are entitled to liquidated damages for such conduct.

4.12    Defendant's practice is to be deliberately indifferent to violations of FLSA requirements.

## V.  COLLECTIVE ACTION ALLEGATIONS

5.1     Each and every allegation contained in the foregoing paragraphs is re-alleged as if fully rewritten herein.

5.2     Other employees have been victimized by this pattern, practice, and policy of the Defendant that is in violation of the FLSA.  Plaintiffs are aware that the illegal practices and policies of Defendant have been imposed on other workers.

5.3     The collective action, or those who are similarly situated, consists of current and former individuals who worked for Defendant or its subsidiaries or affiliates as a mortgage loan officer, who in the three years preceding the filing of this suit were misclassified as exempt and were not paid minimum wages and/or overtime compensation at time and one half for hours they worked over 40 in a week in violation of the FLSA.  The collective action includes, without limitation, those individuals with the job title of mortgage loan officer or with any title who performed similar duties of the Plaintiffs and were paid as commissioned, exempt employees.

5.4     Plaintiffs and all others similarly situated shared common job duties and responsibilities as mortgage loan officers.  Thus, Plaintiffs' experiences are typical of the experience of Defendant's other mortgage loan officers.

5.5     Plaintiffs file this case as an "opt-in" collective action as specifically allowed by 29 U.S.C. §216(b).

5.6     Plaintiffs bring these claims on their own behalf and on behalf of all others similarly situated mortgage loan officers who have not been fully compensated for all work performed, time spent, and activities conducted for the benefit of Defendant.

5.7     Plaintiffs request that Defendant fully identify all others similarly situated in order that proper notice of their right to consent to participation in this collective action may be distributed.

5.8     Plaintiffs seek to represent those similarly situated who have provided consent in writing to join this action as required by 29 U.S.C. § 216(b).

5.9     Those individuals who choose to opt in will be listed on subsequent pleadings and copies of the written consents to sue will be incorporated herein by reference.

5.10    Plaintiffs will fairly and adequately represent and protect the interests of those who are similarly situated.

## VI.  COUNT 1—VIOLATIONS OF THE FLSA

6.1     Each and every allegation contained in the foregoing paragraphs is re-alleged as if fully rewritten herein.

6.2     Plaintiffs and all others similarly situated are lawfully non-exempt employees and were improperly classified as exempt employees.

6.3     Defendant has violated the FLSA by failing to pay Plaintiffs and all other similarly situated mortgage loan officers minimum wages and/or overtime compensation at a rate of one and one half for all hours worked in excess of 40 hours per week.

6.4     Defendant has not made a good faith effort to comply with the FLSA.

6.5     Defendant's conduct was willful within the meaning of 29 U.S.C. § 255(a).

6.6     In further violation of the FLSA, Defendant has failed to maintain accurate employee pay records, including the number of hours worked per work week, by Plaintiffs and by all other similarly situated employees.

6.7     Defendant deliberately misclassified Plaintiffs and all others similarly situated as exempt employees to avoid paying them overtime compensation.

6.8     No exemption excused Defendant from paying Plaintiffs and all others similarly situated minimum wages and/or overtime compensation.

6.9    Defendant knowingly, willfully, or with reckless disregard carried out their illegal pattern or practice regarding overtime compensation and/or minimum wages owed to Plaintiffs and to all other similarly situated employees.

## VII. JURY DEMAND

7.1    Plaintiffs and all others similarly situated hereby demand a trial by jury.

## PRAYER

WHEREFORE Plaintiffs and all those similarly situated to them who have or will opt into this action, respectfully pray that this Court follow the certification procedures of § 216 of the Fair Labors Standards Act and conditionally certify a collective action as described herein pending the identification of and receipt of consent from others similarly situated, and that subsequent thereto Plaintiffs and all others who opt-in to this action recover the following:

a.    an order preliminarily and permanently restraining and enjoining Defendant from engaging in the aforementioned pay violations;

b.    damages and restitution for all unpaid wages (including fringe benefits and bonuses), unpaid overtime compensation (at time and one-half), and unpaid minimum wages and other injuries, as provided by the FLSA;

b.    liquidated damages, as provided by the FLSA, equal to the sum of the amount of wages and overtime compensation that were not properly paid;

c.    all applicable penalties for the violations set forth herein;

d.    an award of reasonable attorney's fees, litigation expenses, expert fees and costs incurred in vindicating the rights of Plaintiffs and all those similarly situated;

e.    an award of pre-judgment and post-judgment interest at the highest rate permitted by law; and

g.    such other and further relief, at law or in equity, as this Court deems just and appropriate.

Respectfully submitted,

<u>/s/ Rhonda H. Wills</u>
Rhonda H. Wills
Wills Law Firm
State Bar No. 00791943
2700 Post Oak Blvd., Suite 1350
Houston, Texas   77056
o: 713.528.4455  f: 713.528.2047
Email: <u>rwills@rwillslawfirm.com</u>
**Attorneys for Plaintiffs**